**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| The United States of America,<br><br>    Plaintiff<br><br>v.<br><br>William Tellez,<br><br>    Defendant | 2:02-cr-00279-JAD-VCF<br><br>**Order Denying Motion to Vacate Sentence**<br><br>[ECF Nos. 66, 69] |

    Federal inmate William Tellez was convicted of one count of federal bank robbery under 18 U.S.C. § 2113(a), one count of armed bank robbery under 18 U.S.C. § 2113(a) and (d), and one count of violating 18 U.S.C.§ 924(c)(1)(A)(iii), which imposes a mandatory minimum ten-year sentence enhancement for discharging a firearm during a crime of violence. Tellez received 57-month, concurrent sentences for each of the robbery counts, plus an additional ten years for the § 924(c) count. Tellez contends that intervening law, particularly *Johnson v. United States*[1]—in which the Supreme Court struck down the residual clause of the Armed Career Criminal Act's crime-of-violence sentencing enhancement as unconstitutional— renders his § 924(c) conviction and sentence similarly invalid. Because the offense that triggered Tellez's § 924(c) enhancement was federal bank robbery, which qualifies as a crime of violence under 924(c)'s force clause regardless of the continued viability of 924(c)'s residual clause after *Johnson*, I deny his motion.

**Background**

    William Tellez was indicted for two bank robberies in 2002. He used a gun during the second robbery and, during the retreat from the bank, he shot a civilian who was pursuing his vehicle on foot. The bullet struck the man but did not cause him serious injury.[2] Tellez pled guilty to federal bank robbery, armed bank robbery, and discharging a firearm during the armed bank

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[2] ECF No. 57 (plea facts).

Page 1 of 6

robbery.[3] Tellez's plea was accepted and he was sentenced to 57 months per count concurrent on the bank robbery charges. And he received the mandatory minimum ten-year sentence required by § 924(c)(1)(A)(iii) for the discharging charge on top of the 57 months for the other counts, for a total sentence of 177 months.[4]

Title 18 U.S.C. § 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. Section 924(c) defines "crime of violence" in two ways. Section 924(c)(3)**(A)**, also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)**(B)**, known as the "residual clause" of the statute, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Johnson v. United States*, the Supreme Court tested the constitutionality of the residual clause of another subsection of § 924—§ 924(e), known as the Armed Career Criminal Act ("ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"[5] The High Court evaluated the clause's violent-felony definition using the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[6] It concluded that "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it

---

[3] ECF No. 57.

[4] ECF No. 60 (amended judgment).

[5] *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[6] *Id*. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

void for vagueness.[7] In *Welch v. United States*, the Court found that *Johnson*'s holding is a substantive decision that is retroactive on collateral review.[8]

Tellez moves to vacate his sentence under 28 U.S.C. § 2255, arguing that *Johnson* renders his ten-year, crime-of-violence sentence enhancement under § 924(c) unconstitutional.[9] Even if I were to conclude that 924(c)'s residual clause is unconstitutional under *Johnson*, Tellez's motion fails because his federal bank robbery convictions qualify as crimes of violence under section 924(c)'s force clause.

## Discussion

### A. Tellez's federal bank robbery convictions are crimes of violence.

Section 924(c)(1)(A)(iii) enhances a defendant's sentence by a mandatory minimum 10 years when a firearm is discharged during the commission of a "crime of violence." The statute's force clause defines crimes of violence to include felonies that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."[10] Federal bank robbery under 18 U.S.C. § 2113(a), the statute that Tellez was convicted under, prohibits similar conduct: bank robbery committed against a person or property "by force and violence" or "intimidation."[11] Tellez focuses on the latter term, "intimidation," to argue that § 2113(a) can be violated by merely instilling "fear" in a victim. He concludes that merely instilling fear in a victim does not qualify as a crime of violence under § 924(c), which requires that the defendant "threatened" "use of physical force."

---

[7] *Id*. at 2558.

[8] *Welch v. United States*, 136 S. Ct. 1257 (2016).

[9] ECF No. 199.

[10] 18 U.S.C. § 924(c)(3)(A).

[11] The statute states: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . . . shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a).

The Ninth Circuit rejected this very argument in *United States v. Selfa*, albeit in the context of the similarly worded federal sentencing guidelines.[12] The court reasoned that "intimidation" in the context of § 2113(a) means that the defendant placed his victim not just in fear generally, but fear of "bodily harm"—in other words, a threat of "physical force against" his person.[13] Although Tellez is right that the Supreme Court has handed down a number of decisions that complicate this area of law, the Ninth Circuit has since affirmed *Selfa's* holding in this regard in various unpublished decisions.[14]

The Ninth Circuit has also rejected Tellez's argument in the context of deciding whether federal robbery qualifies as a crime of violence for purposes of § 924(c)—and I find no reason to treat federal bank robbery any differently.[15] Federal robbery and federal bank robbery are the same for our purposes. Federal robbery criminalizes "actual or threatened force, or violence, or fear of injury"; federal bank robbery criminalizes "force and violence" or "intimidation."[16] I recently explained at length why a conviction for federal robbery qualifies as a crime of violence under § 924(c)'s force clause: by "placing someone 'in fear of injury' to his person or property," the defendant uses the sort of "physical force" that satisfies § 924(c).[17] Tellez has not persuaded me otherwise or that bank robbery is distinguishable. The Ninth Circuit held in *United States v. Wright* that "armed bank robbery qualifies as a crime of violence" under § 924(c)'s force clause because one

---

[12] *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1").

[13] *Id.*

[14] *See, e.g., United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (unpublished), *as amended* June 24, 2016.

[15] *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), as amended (June 24, 2016) (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*).

[16] *See* 18 U.S.C. § 1951; 18 U.S.C. § 2113(a).

[17] *United States v. Smith*, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016) (discussion incorporated herein).

of the elements of the offense is a taking 'by force and violence, or by intimidation.'"[18]  And numerous district courts and other circuit courts have held that federal bank robbery qualifies as a crime of violence under § 924(c)'s force clause even after *Johnson*.[19]

In light of this controlling authority, I deny Tellez's § 2255 motion.[20]  His conviction for federal bank robbery under § 2113(a) qualified—and still qualify—as crimes of violence under § 924(c)'s force clause, and he was therefore properly convicted and sentenced.

**B.  Certificate of Appealability**

To appeal this order, Tellez needs a certificate of appealability from a circuit or district judge.[21]  In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[22]  This standard is "lenient."[23]

---

[18] *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).

[19] *See*, *e.g.*, *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) ("We . . . hold now that a bank robbery conviction under§ 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause."); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir.), cert. denied, 137 S. Ct. 164 (2016), and cert. denied sub nom. *Stoddard v. United States*, 137 S. Ct. 164 (2016) ("bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)"); *McFarland v. United States*, 2017 WL 810267, at *7 (C.D. Cal. Mar. 1, 2017) ("Section 2113(a) and (d) categorically qualify as crimes of violence under Section 924(c)(3)(A)"); *United States v. Abdul-Samad*, 2016 WL 5118456, at *4 (S.D. Cal. Sept. 21, 2016) ("The conclusion of the Court of Appeals in *Wright* that bank robbery under § 2113(a) is a crime of violence under the elements/force clause in § 924(c)(3)(A) is not affected by the decision of the Supreme Court in *Johnson* invalidating the residual clause of the definition of "violent felony."); *United States v. Watson*, 2016 WL 866298, at *7 (D. Haw. Mar. 2, 2016) (holding that "Section 2113(a) and (d) categorically qualifies as a crime of violence under Section 924(c)(3)(A)").

[20] The parties also dispute whether Tellez is procedurally barred from bringing this § 2255 motion and whether *Johnson* should be extended to § 924(c)'s residual clause.  I need not—and do not—reach these questions because Tellez's motion fails even if I assume that his challenge is proper and that *Johnson* invalidates § 924(c)'s residual clause.

[21] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[22] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

[23] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Although I have endeavored to be true to the Ninth Circuit guidance in this order, the truth is, when applying the "hopeless tangle" "of inconsistent case law" that makes up the categorical test, reasonable jurists rarely agree on anything.[24] Although I follow the Ninth Circuit's lead in holding that federal bank robbery qualifies as a crime of violence, other courts have held otherwise. I thus grant Tellez a certificate of appealability.

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motion to vacate **[ECF Nos. 66, 69] is DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED**.

Dated this 17th day of May, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[24] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this test "has stymied law clerks and judges alike in a morass of inconsistent case law").